1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LIN XIA,

                        Plaintiff,

            v.

ALBERTO GONZALES, et al.,

                        Defendant.

No. C07-728 MJP

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT

        This matter comes before the Court on Plaintiff's motion for summary judgment.  (Dkt. No.

12.)  After reviewing the motion, Defendant's response and cross-motion for summary judgment (Dkt.

No. 13), Plaintiff's reply (Dkt. No. 15), Defendant's reply (Dkt. No. 16), and all documents submitted

in support thereof, the Court GRANTS Plaintiff's motion for summary judgment.  The Defendants are

ordered to complete the processing of Mr. Xia's application with sixty (60) days or to show cause to

the Court why Plaintiff should not have his status adjusted to that of lawful permanent resident.

**Background**

        Plaintiff Lin Xia is a citizen of the People's Republic of China.  On March 24, 2004, Mr. Xia

filed his Adjustment of Status application with the United States Citizenship and Immigration Service

("USCIS") to become a lawful permanent resident.  On March 31, 2004, USCIS requested that the

Federal Bureau of Investigation ("FBI") conduct a "name check" investigation of Mr. Xia. On April 6,

ORDER - 1

1    2004, the FBI acknowledged receipt of the request but has yet to complete the name check.  Mr. Xia's

2    application is still pending.  Although Defendants have put forth facts showing that Plaintiff's name

3    check was required to go through four stages of review, they have offered no explanation as to why

4    the name check has been stagnant at the final review stage for three years.  Defendants have not

5    offered any evidence indicating that Mr. Xia's application for adjustment of status should be denied.

6                                              **Discussion**

7            Summary judgment is appropriate when there is no issue of material fact and the moving party

8    is entitled to judgment as a matter of law. Fed. R. Civ. P. 56.  The parties agree that this matter

9    contains no disputed facts.  This Court has jurisdiction over the action pursuant to 28 U.S.C. § 1331

10   in accord with 28 U.S.C. § 1361 and  5 U.S.C. § 706 of the Administrative Procedure Act ("APA").

11   Under 28 U.S.C. § 1361, district courts have original jurisdiction over any action in the nature of

12   mandamus to compel an officer or employee of the United States or any agency thereof to perform a

13   duty owed to the plaintiff.  See Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1997).  The Court also has

14   jurisdiction under the APA because Plaintiff has demonstrated that the USCIS has unreasonably

15   delayed the processing of his application.  See 5 U.S.C. § 555(b) ("With due regard for the

16   convenience and necessity of the parties of their representatives and within reasonable time, each

17   agency shall proceed to conclude a matter presented to it.")  See also id. § 706(1) (providing that

18   courts shall "compel agency action unlawfully withheld or unreasonably delayed").  Agency action

19   includes a failure to act. Id. at § 555(13).

20          The Court is not convinced by Defendants' argument that the nature of processing the

21   application is "discretionary" and therefore federal jurisdiction is barred.  Adjudication of a status

22   application is mandatory, not discretionary.  See 8 U.S.C. § 1252(a)(2)(B)(ii); See also Huang v.

23   Gonzales, 2007 WL 1302555, at *7-10 (W.D.Wash. May 2, 2007) (Martinez J.) (holding that 1252

24   does not bar judicial review in context of reasonable delay or refusal to act because nothing in INA

25   specifies discretion as to the pace in which status applications are adjudicated); Chen v. Heinauer,

ORDER - 2

1   2007 U.S. Dist. LEXIS 36661, at *3 (W.D.Wash. May 18, 2007) (Lasnik J.) (same); <u>Duan v.</u>

2   <u>Zamberry</u>, 2007 U.S. Dist. LEXIS 12697, at *7 (W.D.Penn. Feb. 23, 2007) (noting that while "the

3   speed of processing may be 'discretionary' in the sense that it is determined by choice, and that it rests

4   on various decisions that Defendants may be entitled to make, it is not discretionary in the manner

5   required to [strip the court of jurisdiction]"); <u>Tang v. Chertoff</u>, 493 F.Supp.2d 148, 153-54 (D.Mass

6   2007) ("Despite the care taken in the INA to specify the substance of an adjustment of status decision

7   as discretionary, the pacing of such a decision is not so specified.").

8          Defendants correctly argue that the enabling statute and regulations provide no clear time

9   frame for the adjudication of an application.  However, Congress has expressed an expectation that the

10  agency will proceed in a timely manner.  For example, Section 555(b) of the APA provides that each

11  agency shall proceed to conclude a matter "within a reasonable time."  5 U.S.C. § 555(b).  Further, the

12  Immigration Services and Infrastructure Improvements Act of 2000 provides that it is "the sense of

13  Congress that the processing of an immigration benefit application should be completed not later than

14  180 days after the initial filing of the application."  8 U.S.C. §1571(b).  While the "180 days" deadline

15  is non-binding, the standard of reasonableness must still be applied.  Defendants do "not posse[s]

16  unfettered discretion to relegate aliens to a state of limbo, leaving them to languish there indefinitely."

17  <u>Salehian v. Novak</u>, 2006 U.S. Dist. LEXIS 77028, at *9 (D. Conn. Oct. 23, 2006) (quoting <u>Kim v.</u>

18  <u>Ashcroft</u>, 340 F.Supp.2d 384, 393 (S.D.N.Y. 2004)) (internal quotations omitted).

19                              **Merits of Mr. Xia's Claim**

20         The parties do not dispute that Plaintiff's application has been pending for over 43 months and

21  has not been adjudicated because the background and security check are incomplete. (Heinauer Decl.,

22  at 3, ¶ 7.)  Defendants have offered no particular evidence to the Court showing that this delay is

23  reasonable.  "What constitutes an unreasonable delay in the context of immigration applications

24  depends to a great extent on the facts of the particular case."  <u>Gelfer</u>, 2007 WL 902382 at *2 (citation

25  omitted). The Ninth Circuit has adopted a six-factor test (the "TRAC factors") for evaluating the

ORDER - 3

1  reasonableness of an agency's decision-making process.  Brower v. Evans, 257 F.3d 1058, 1068 (9th

2  Cir. 2001) (quoting Telecomms. Research & Action v. FCC), 750 F. 2d 70, 80 (D.C. Cir. 1984)).

3          In applying the first of those factors, the rule of reason, the Court considers that, although

4  Plaintiff's name check resulted in "hits" and required additional review of FBI files, Defendants do not

5  explain why Plaintiff's application has been pending for three years in the "final stage" of the review

6  process.  The second factor requires that the Court give deference to a statutory or regulatory

7  timetable. As noted above, Congress did not enact a mandatory timetable for the processing of these

8  applications but dictated that it should be done in a reasonable time.  The third and fifth TRAC factors

9  require that the Court consider how the agency's delay affects human welfare.  See Singh v. Still, 470

10  F.Supp.2d 1064, 1069 (finding human health and welfare to be at stake in case involving delay of

11  I-485 application to adjust status).  As discussed below, Mr. Xia's occupation, travel and family have

12  been affected by the delay.  In considering the fourth factor, the Court acknowledges that expediting

13  the processing of Mr. Xia's application will place him ahead of others who also have applications

14  waiting.  The agency's (or FBI's) lack of resources, however, is an insufficient basis for considering

15  this delay reasonable.  Finally, the sixth TRAC factor notes that the Court need not find any

16  impropriety in order to hold that agency action is unreasonably delayed.

17          The Court is unconvinced by Defendants' argument that the security interests of the nation,

18  particularly in the post-9/11 era, are sufficient excuse for failing to act on Mr. Xia's application.

19  Defendants have failed to produce any particular evidence about the information found during the

20  processing of Mr. Xia's background check that might offer some valid reason for the delay.  See Liu

21  v. Chertoff, 2007 WL 2023548 at *4 (E.D.Cal. July 11, 2007) (despite evidence of large volume of

22  applications received and the extensive background checks required to process them a two-and-a-half

23  year delay not reasonable as a matter of law, noting absence of "a more particular explanation by

24  Defendants as to the cause of the delay"); Huang, 2007 WL 1831105 at *2 (despite national security

25  concerns and increased security checks since 9/11, a more than two-year delay is unreasonable as a

ORDER - 4

1   matter of law if there is no particular explanation as to the cause of the delay).  Although "national

2   security must be considered a competing priority of the highest order[,] ... the mere invocation of

3   national security is not enough to render agency delay reasonable per se." Singh, 470 F.Supp.2d. at

4   1069 (noting the lack of specifics about "the issues requiring further inquiry" in declarations submitted

5   by USCIS and USCIS's failure to provide information via in camera review).

6        Mr. Xia claims that the delay in his application has caused career stagnation, the inability to

7   travel freely, and the inability to plan for the future of his family.  He also wishes to begin accruing

8   time to be eligible for naturalization as a citizen of the United States.  See 8 U.S.C. § 1427(a)

9   (providing that a permanent resident may not apply for citizenship until he or she has resided

10  continuously in the U.S. for five years preceding the date of filing the application).

11                                              **Conclusion**

12       The Court is not interested in adjusting the legal status of an individual when there is a valid

13  reason for the denial of that adjustment.  However, Defendants have offered no reason why Mr. Xia's

14  application should not be adjudicated.  Plaintiff's motion for summary judgment is GRANTED and the

15  Court finds that the delay in processing Plaintiff's status application is unreasonable as a matter of law.

16  Defendants are ordered to complete the processing of Plaintiff's application within sixty days.

17

18       The Clerk is directed to send copies of this order to all counsel of record.

19       Dated:   January 15, 2008.

20

21

22                                         Marsha J. Pechman
                                           U.S. District Judge

23

24

25

ORDER - 5